UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**MALIK AZ' RAEL MOSBY,**

**Plaintiff,**

-v-                                                    **9:06-CV-1165**

**DR. MARSHALL TRABOUT, Medical Director;**
**DR. BEZERGANIAN, Psychiatrist;**
**DEBRA DeBARTOLO, Head Nurse;**
**JOANNE CONWAY, Mental Health Liaison;**
**DEBRA NIEMI, Chief of Corrections;**
**LT. RAY BUNCE, Commanding Officer;**
**SGT. WALPOLE, Shift Supervisor;**
**SGT. MASTERS, Corrections Officer;**
**SGT. DaMATTEO, Corrections Officer;**
**MICHAEL SEARLES, Corrections Officer;**
**HARRY HAWK, Corrections Officer;**
**DARWIN SMITH, Corrections Officer;**
**BRENDA FAIRBANKS, Corrections Officer;**
**SEAN SCHOLLENBERG, Corrections Officer;**
**JOHN DOE, Shift Supervisor; and**
**JOHN DOE, Corrections Officer,**

**Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

MALIK AZ' RAEL MOSBY
06-B-1604
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821
Plaintiff, *Pro Se*

HON. JONATHAN WOOD, Tompkins County Attorney
125 East Court Street
Tompkins County Office Building
Ithaca, New York  14850
*Attorney for Defendants*

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

On March 6, 2008, this Court issued a text order vacating its March 4, 2008 Order, which had been

entered due to clerical error.  The March 4, 2008 Order approved a Report and Recommendation of United States Magistrate Judge George H. Lowe (Dkt. No. 41) prior to the Court's receipt of plaintiff's objection thereto.  The Court now addresses the Report and Recommendation after reviewing the objections (Dkt. Nos. 42 and 45), and decides the underlying motion (Dkt. No. 31).

Plaintiff *pro se* brings this prisoner civil rights action under 42 U.S.C. § 1983.  Thirteen of the sixteen defendants (*i.e.*, all defendants except Dr. Marshall Trabout, Sean Schollenberg, and John Doe, Shift Supervisor) move to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 31).  Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), Magistrate Judge Lowe issued a thorough Report and Recommendation (Dkt. No. 41) recommending as follows: that counts one and two of plaintiff's amended complaint (Dkt. No. 7) be *sua sponte* dismissed with prejudice for failure to state a claim upon which relief might be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); or in the alternative, that the Court dismiss so much of count one as seeks compensatory damages against Bezerganian and Conway for inadequate mental health care, and so much of count two as alleges that Bunce violated plaintiff's constitutional rights by causing him to be deprived of certain legal materials for a period of eight days; and that plaintiff's claims against Sean Schollenberg and the John Doe defendant identified as the Shift Supervisor be *sua sponte* dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects.  Where only general objections are filed, the Court reviews for clear error.  *See Brown v. Peters*, 1997 WL 599355,*2-* 3 (N.D.N.Y.), *aff'd* 175 F.3d 1007 (2d Cir. 1999).  Failure to object to any portion of a report and recommendation waives further judicial review of the matters therein.  *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993).

The moving defendants object (Dkt. No. 42) to Magistrate Judge Lowe's recommendation that the Court deny dismissal of counts four through seven.  Upon *de novo* review, the Court adopts Magistrate Judge Lowe's analysis and holds that dismissal of these counts for failure to exhaust administrative

2

remedies is not warranted at this stage of the action.  In their objection, defendants propose that the Court

convert the motion for dismissal of counts four through seven into a motion for summary judgment and

allow plaintiff an opportunity to respond.  In his Report and Recommendation, Magistrate Judge Lowe

addresses the question of conversion and recommends that the Court decline to convert the motion, as

follows:

> Plaintiff has not been given the required notice of such a conversion of
> Defendants' motion, nor has he been given an adequate opportunity to present
> evidence to create an issue of fact, nor has he even been given an adequate
> opportunity to conduct discovery in this action. The Court
> recently refused to consider such materials on a motion to dismiss under very
> similar circumstances. *See Pierce v. Monell*, 06-CV-1290, 2007 WL 2847317, at
> *5-8 (N.D.N.Y. Sept. 26, 2007) (Kahn, J., adopting, on de novo review,
> Report-Recommendation by Lowe, M.J.).

> Moreover, the Court would be at a severe disadvantage in deciding such a motion
> for summary judgment based on the current briefing of the parties. In particular,
> Defendants have not provided the Court with a Statement of Material Facts. For
> this reason alone, such a motion for summary judgment would be denied.
> N.D.N.Y. L.R. 7.1(a)(3)[.]

Upon *de novo* consideration of the issue, this Court adopts Magistrate Judge Lowe's reasoning and declines

to convert defendants' motion to dismiss causes of action four through seven into a motion for summary

judgment.

Plaintiff objects (Dkt. No. 45) to Magistrate Judge Lowe's recommendation that causes of action

one and two be dismissed with prejudice.  On *de novo* review of the matter, the Court finds that dismissal of

count one is not warranted at this stage of the case.  Nor does the Court dismiss so much of count one as

seeks compensatory damages against Bezerganian and Conway.  Although it is probable that the physical

injury requirement of 42 U.S.C. § 1997e(e) will prevent plaintiff from pursuing compensatory damages on

his claim against Bezerganian and Conway for inadequate mental health care, the Court finds the amended

complaint sufficient to withstand dismissal of the compensatory damages claim against these two

defendants at the pleading stage, particularly in view of plaintiff's *pro se* status.[1]

Magistrate Judge Lowe also recommends dismissal of count two, or in the alternative dismissal of so much of count two as claims that Bunce violated plaintiff's constitutional rights by causing him to be deprived of certain legal materials (specifically, copies of case law) for a period of eight days (specifically, from February 14, 2006, to February 20, 2006). Magistrate Judge Lowe observes that this eight-day delay does not amount to a constitutional deprivation and further notes that plaintiff did not respond to this aspect of defendants' motion in his opposition papers. Plaintiff does, however, address this issue in his objection to the Report and Recommendation. Because plaintiff raises the issue in his objection, and because the alleged deprivation of legal materials may arguably support plaintiff's retaliation claim, the Court does not dismiss it at the pleading stage. Nor is dismissal of the entire count two warranted at this stage of the action.

Finally, the Court adopts Magistrate Judge Lowe's discussion and recommendation that the claims against Sean Schollenberg and the John Doe defendant identified as Shift Supervisor be dismissed without prejudice.[2]

---

[1] As Magistrate Judge Lowe notes, even absent a showing of physical injury, plaintiff may seek nominal and punitive damages against Bezerganian and Conway.

[2] The claim against Schollenberg stems from an alleged assault occurring on February 12 in either 2005 or 2006. The correct date appears to be February 12, 2006. If, however, the alleged incident occurred in February 2005, dismissal may bar plaintiff from pursuing these claims due to the statute of limitations. Nevertheless, plaintiff has not shown good cause for relief from this failure or any basis for an extension of time to serve. After a number of extensions of time for plaintiff to submit service copies of the amended complaint, summonses were issued on February 28, 2007. The summons was mailed to Schollenberg at Tompkins County Jail, the address given by plaintiff. The summons was returned unexecuted on April 27, 2007; the mailing envelope was stamped "Refused by addressee," with a handwritten notation, "no longer here" (Dkt. No. 25). The "Process Receipt and Return" form from the United States Marshals Service indicates the service was unexecuted. The Clerk's Office mailed plaintiff copies of the docket sheet – which states that on April 27, 2007 the summons was returned unexecuted as to Schollenberg – on the following dates: May 16, 2007, August 10, 2007, October 12, 2007, and January 17, 2008. There is no showing that plaintiff made any further effort to locate Schollenberg or to obtain an extension within a reasonable period of time.

The claim against the John Doe defendant identified as Shift Supervisor stems from an alleged denial of medical care; there is no showing that plaintiff ever attempted to identify this John Doe defendant, despite the Court's January 3, 2007 Order (Dkt. No. 8) directing plaintiff to "take reasonable steps to ascertain the identities of any other individual(s) that purportedly violated plaintiff's civil and/or constitutional rights and, if appropriate, file a

It is therefore

ORDERED that the Report and Recommendation of United States Magistrate Judge George H. Lowe (Dkt. No. 41) is adopted to the extent set forth herein; and it is further

ORDERED that defendants' motion to dismiss (Dkt. No. 31) pursuant to Fed. R. Civ. P. 12(b)(6) is granted in part and denied in part as set forth herein; and it is further

ORDERED that all claims against Sean Schollenberg and the John Doe defendant identified as Shift Supervisor are dismissed without prejudice; and it is further

ORDERED that the case shall proceed on all causes of action and against all defendants except Sean Schollenberg and the John Doe defendant identified as Shift Supervisor.

IT IS SO ORDERED

July 7, 2008
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge

---

motion to amend his complaint and add such individuals, by name, as defendants to this lawsuit," and further advising him that "if these individuals are not timely served, this action will be dismissed as against them." Plaintiff has not shown good cause for relief from this failure or any basis for an extension of time to serve. The Court agrees with Magistrate Judge Lowe that dismissal without prejudice is appropriate under Fed. R. Civ. P. 4(m) and 16(f)(1)(C).

5