UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MALIK AZ'RAEL MOSBY,

                              Plaintiff,

                                                                                     9:06-CV-1165
v.                                                                                (JMH/GHL)

MARSHALL TRABOUT,

                              Defendant.
_____

APPEARANCES:                                           OF COUNSEL:

MALIK AZ'RAEL MOSBY, 06-B-1604
Plaintiff *pro se*
Riverview Correctional Facility
P.O. Box 247
Ogdensburg, NY 13669

TOMPKINS COUNTY ATTORNEY'S OFFICE        JONATHAN WOOD, ESQ.
Attorneys for County Defendants
125 East Court Street
Tompkins County Office Building
Ithaca, NY 14850

HARRIS BEACH PLLC                             RUSSELL E. MAINES, ESQ.
Attorneys for Defendant Marshall Trabout
119 E. Seneca Street
Ithaca, NY 14850

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

       This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Joseph M. Hood, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Plaintiff Malik Az'Rael Mosby alleges that his constitutional rights were violated while he was an inmate at the

Tompkins County Jail.  Defendant Marshall Trabout is the only Defendant remaining in the action.  Currently pending before the Court are Plaintiff's motion for default judgment (Dkt. Nos. 93 and 98), Plaintiff's motion for an order directing the United States Marshal to bring Defendant Trabout to court (Dkt. No. 101), and Defendant Trabout's motion to set aside the default (Dkt. No. 105).  For the reasons that follow, I recommend that Defendant Trabout's motion to set aside the default be granted and that Plaintiff's motions for default judgment and for an order directing the United States Marshal to bring Defendant Trabout to court be denied as moot.

**I.     BACKGROUND**

In the first count of his eight-count complaint, Plaintiff alleges that he received constitutionally inadequate medical care and mental health treatment from Dr. Bezirganian, Debra Niemi, Debra DeBartolo, Joanne Conway, and Defendant Trabout at Tompkins County Jail.  (Dkt. No. 7 at 22-25; Dkt. No. 81 at 2.)  Defendant Trabout was served with the complaint on August 6, 2007.  (Dkt. No. 38.)  However, he did not appear in the action.  The other individuals named in the first count ("County Defendants") appeared in the action, represented by the Tompkins County Attorney's Office.  (Dkt. Nos. 26, 31.)

On February 11, 2010, the Court entered summary judgment in favor of the County Defendants.  (Dkt. No. 81.)  Regarding the first count, the Court found that Plaintiff had failed to raise a triable issue that the County Defendants were deliberately indifferent to his serious medical needs.  *Id.* at 16-17.  The Court's order explicitly stated that "[n]othing said in this Opinion and Order addresses Plaintiff's claims against" Defendant Trabout.  *Id.* at 1 n.1.  Plaintiff appealed the order to the Second Circuit.  (Dkt. No. 90.)

On February 16, 2010, the Court entered default against Defendant Trabout and advised

2

Plaintiff that he could seek default judgment pursuant to Federal Rule of Civil Procedure 55(b). (Dkt. No. 83.)  On March 23, 2010, Plaintiff moved for default judgment against Defendant Trabout.  (Dkt. No. 93.)

On September 9, 2010, the Second Circuit dismissed Plaintiff's appeal *sua sponte* for lack of jurisdiction.  (Dkt. No. 102.)

On September 10, 2010, Plaintiff requested that Defendant Trabout either be brought to court and held in contempt for "disobeying the complaint" or, in the alternative, that the Court order Defendant Trabout "or his attorney to have a conference before the Court to discuss the disposal of this case through a settlement agreement . . . " (Dkt. No. 101 at 3.)

On September 27, 2010, this Court received the Mandate of the Second Circuit dismissing Plaintiff's appeal.  (Dkt. No. 102.)

On September 30, 2010, I conducted a telephone conference with Plaintiff, the attorney for the County Defendants, and Defendant Trabout.  At that time, I gave Defendant Trabout until October 8, 2010, to retain an attorney and enter an appearance.

On October 7, 2010, attorney Russell E. Maines filed a notice of appearance on behalf of Defendant Trabout.  (Dkt. No. 103.)  Defendant Trabout now moves to set aside the entry of default.  (Dkt. No. 105.)  Plaintiff opposes the motion.  (Dkt. Nos. 111 and 112.)

II.     ANALYSIS

Defendant Trabout moves to set aside the entry of default against him.  (Dkt. No. 105.)

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause . . . "  In determining whether a defendant has established good cause, courts should consider "(1) whether the default was willful; (2) whether defendant has a

meritorious defense; and (3) the level of prejudice that may occur to the nondefaulting party if relief is granted." *Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995) (quoting *Wagstaff-EL v. Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir. 1990)).  It is well-settled in the Second Circuit that defaults are not favored, and that there is a strong preference for resolving disputes on their merits.  *Id*.

A defendant defaults "willfully" where he or she acts with "bad faith, or at least something more than mere negligence." *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60 (2d Cir. 1996).  A finding of bad faith is not required in order to conclude that a defendant acted willfully: rather, "while a determination that the defendant acted in bad faith would certainly support a finding of 'willfulness,' it is sufficient that the defendant acted deliberately." *Gucci America, Inc. v. Gold Center Jewelry*, 158 F.3d 631, 635 (2d Cir. 1998).

Here, Defendant Trabout's default was insufficiently deliberate to constitute "willfulness."  Defendant Trabout states that he failed to answer the complaint because he assumed incorrectly that he was being represented by counsel in the matter.  (Dkt. No. 105-4 ¶ 4.)  This assumption was based on two factors.  First, Defendant Trabout is employed both as an independent contractor for the Tompkins County Jail and by the New York State Department of Correctional Services ("DOCS") as a Regional Medical Director.  *Id*. ¶ 2.  During his employment with DOCS, Defendant Trabout has been named as a defendant in inmate lawsuits approximately six times.  *Id*. ¶ 5.  When he is sued, he forwards the necessary paperwork to the Inmate Records Coordinator, who forwards it to the New York State Attorney General's office.  *Id*.  Defendant Trabout states that "[t]ypically, I hear nothing more about the case after I arrange to have the papers forwarded to the Attorney General's office." *Id*.  At the time he served Defendant Trabout

with the complaint, Plaintiff was a DOCS inmate. *Id*. ¶ 6. Accordingly, Defendant Trabout assumed that he "would be protected in a similar procedure as under state inmate claims." *Id*. Second, Defendant Trabout was aware that the County Defendants were represented by the County Attorney and assumed "that the interests of all of the county defendants were protected in the same manner." *Id*. He states that "[u]ntil this year" he never "received any correspondence from any source indicating that my defense of the plaintiff's claim was not being handled by an attorney." *Id*. ¶ 7. Defendant Trabout did not learn until "a short time ago" that he "was not protected in the same manner as the county employees, and that the county's motion for summary judgment did not apply" to the claims against him. *Id*. ¶ 8. Defendant Trabout's conduct, while negligent, was based on understandable assumptions. Therefore, I find that his default was not willful.

     As to the second factor, Plaintiff's claim against Defendant Trabout is substantially similar to his claims against County Defendants Bezirganian, Niemi, DeBartolo, and Conway. (Dkt. No. 7 at 22-25.) As discussed above, this Court granted the County Defendants' motion for summary judgment, finding that "Plaintiff just disagrees with certain medical decisions of the Jail medical staff. There is nothing in the facts suggesting deliberate indifference to his serious medical needs." (Dkt. No. 81 at 17.) It is likely that Defendant Trabout could successfully defend himself by asserting a similar defense. Therefore, Defendant Trabout has a potentially meritorious defense to this action.

     As to the third factor, prejudice exists where the delay caused by the default will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Plaintiff argues that he

will be prejudiced by a loss of evidence, asserting that, in the time during which Defendant Trabout failed to respond to the complaint, "[P]laintiff was moved to various facilities [] and a great deal of documents have been lost, misplaced or purposely destroyed, documents that would support this action."  (Dkt. No. 112 at 6.)  Plaintiff attributes some or all of this loss of evidence to a visit by Defendant Trabout to Mohawk Correctional Facility, where Plaintiff was then housed.  *Id.* at 4.  Plaintiff raised this same argument in opposition to the County Defendants' motion for summary judgment.  (Dkt. No. 79 at 12-13.)  Yet, at that time, Plaintiff was able to produce eighty-three pages of exhibits (Dkt. No. 79-1) and the Court evidently did not credit his assertion regarding Defendant Trabout's role in the alleged loss of evidence, because the Court's order (Dkt. No. 81) did not mention the allegation.  Therefore, I find that Plaintiff has not demonstrated prejudice attributable to Defendant Trabout's default.

Defendant Trabout has established that his default was not willful, that he has a potentially meritorious defense to the claim against him, and that there is no danger of prejudice to Plaintiff.  Therefore, I recommend that the Court set aside the default entered against Defendant Trabout.  In light of this recommendation, I recommend that the Court deny Plaintiff's motion for default judgment and Plaintiff's motion for an order directing the United States Marshal to bring Defendant to court as moot.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendant Trabout's motion to set aside the default (Dkt. No. 105) be **GRANTED**; and it is further

**RECOMMENDED** that Plaintiff's motion for default judgment (Dkt. Nos. 93 and 98) and Plaintiff's motion for an order directing the United States Marshal to bring Defendant to

court (Dkt. No. 101) be **DENIED AS MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: December 22, 2010
       Syracuse, New York

                                      George H. Lowe
                                      United States Magistrate Judge